# United States District Court

## For The District of Wyoming

| | |
|---|---|
| SHARON COFFEY, as the Wrongful Death Representative of Thomas Wayne Coffey, deceased, <br><br> Plaintiff, <br><br> vs. <br><br> CHEVRON U.S.A. INC. a/k/a Chevron North American Exploration and Production Co., and/or Chevron U.S.A. Production Co., <br><br> Defendant. | Civil No. 2:16-cv-00001 |

## ORDER ON MOTION TO STIKE EXPERT TESTIMONY

Defendant filed its *Motion to Strike Opinions of Plaintiff's Expert Witness Edward Ziegler, P.E. C.S.P.* on December 2, 2016 [Doc 33]. The Plaintiff filed her response on December 16, 2016 [Doc 37]. After review of the pleadings in this matter the Court has determined that oral argument or further information is not necessary to the decision on this motion. The motion is granted in part and denied in part.

Defendant does not seek to strike Mr. Ziegler as an expert witness in all aspects, but rather focus on three areas in which it believes his proffered opinions are not admissible pursuant to Federal Rule of Evidence 702 and the doctrine as originally set forth in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469. Mr. Ziegler is a registered professional engineer and a certified safety professional who was timely

designated by Plaintiff in this matter to testify generally as to matters of workplace safety at the Defendant's Glencoe Junction Sulfur Terminal as relating to the fall and death of Thomas Wayne Coffey on February 26, 2014. Mr. Coffey was employed as a truck driver for Bonneville Transloaders, Inc. ("BTI"), and his duties included the loading of molten sulfur at the Defendant's facility. The process of loading the sulfur involved working at an elevated location on the top of the BTI truck and trailer being operated by Mr. Coffey. The loading facility was equipped with a safety railing/cage which was lowered over the top of the trailer in the area the BTI truck drivers were required to work in the process of loading the molten sulphur. The Plaintiff alleges that the safety cage was dangerous and defective, in part arising from the fact that the lower railing had been removed at some point in time which allowed a gap through which Mr. Coffey fell to his death. Plaintiff further alleges that Chevron failed to provide other fall protection to the truck drivers using the facility. Mr. Ziegler's expert designation addressed these issues.

The Defendant's motion is directed to three of Mr. Ziegler's opinions.

1. Mr. Ziegler's statement that Defendant's post-accident measures were not remedial measures. At paragraph 1.25 of Mr. Ziegler's report he stated:

> The changed elevated loading station and adding other safety procedures (such as fall protection systems) and equipment after the incident was not a remedial measure; but was simply what Chevron should and could have easily accomplished earlier to make its workplace proper and safe.

2. Mr. Ziegler's opinion expressed in discovery that Defendant's personnel, or a contractor hired by Defendant, removed the third rail from the safety cage.

3. Mr. Ziegler opined that the lack of documents indicates that Defendant failed to follow and document it safety management system and in Defendant's opinion, Mr.

Ziegler inferred that Defendant withheld, hid or destroyed such documents.

## DISCUSSION

**Federal Rule of Evidence 702 and *Daubert***

The Defendant seeks to invoke this Court's "gate-keeping" function in regard to specific areas of Mr. Zeigler's expected testimony. Rule 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) The testimony is based on sufficient facts or data;
> (c) The testimony is the product of reliable principles and methods; and
> (d) The expert has reliably applied the principles and methods to the facts of the case.

The burden is upon the proponent of the evidence to establish its admissibility by a preponderance of the evidence. *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970, n. 4 (10th Cir.2001). In *Kumho Tire Co. LTD., v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167 (1999) the Supreme Court expanded the *Daubert* gatekeeping role from that of purely scientific principles to those involving "technical or other specialized knowledge" as set forth in Federal Rule of Evidence 702. In doing so the Supreme Court emphasized the flexibility of the factors which may be considered by the trial court in the performance of its gate-keeping function.

The review of admissibility of expert testimony is a two-step process. *Ralston*, 275 F.3d at 969. Initially the court must determine if the expert is qualified by knowledge, skill,

experience, training, or education to render the stated opinion[1]. If qualified, then the court looks to the relevance and reliability of the testimony.

> Under the second step, "the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology, as set forth in *Daubert*." In making its reliability determination, the court may ask the following types of questions: (1) whether the theory or technique has been tested (or can be tested); (2) whether the theory or technology has been subjected to peer review and publication; (3) whether there is a known or potential high rate of error; (4) whether there are standards controlling the techniques of operation; and (5) whether the theory or technique is generally accepted within the relevant community. It must be kept in mind, however, that these factors are not exclusive and may not apply in some cases. Additionally, even if the reasoning or methodology underlying the opinion is scientifically valid, the court must consider whether the reasoning or methodology was properly applied to the facts in issue. (citations omitted).
> *Utility Trailer Sales of Kansas City, Inc. v. MAC Trailer Mfg.*, 267 F.R.D. 368, 370 (D. Kan. 2010)

With this in mind the three contested areas of testimony will be reviewed.

**Remedial Measures:**

There are two prongs to the Defendant's motion. First, that Mr. Ziegler's testimony is an opinion of law and not a proper subject of expert testimony. Second, that the Court should not admit any testimony regarding remedial measures. The admissibility of subsequent remedial measures is controlled by Federal Rule of Evidence 407 and will not be addressed in this order. That is a matter upon with the trial judge will rule if such evidence is offered at trial.

The line between proper and improper expert opinions may be difficult to determine in some matters and not all expert testimony regarding legal issues are excluded. *Specht v.*

---

[1] Defendant does not challenge Mr. Ziegler's qualifications.

*Jensen*, 853 F.2d 805, 809 (10th Cir. 1988).

> Those cases demonstrate that an expert's testimony is proper under Rule 702 if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function. However, when the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed. In no instance can a witness be permitted to define the law of the case.
> *Specht v. Jensen*, 853 F.2d at 809-10.

Mr. Ziegler's testimony that Defendant's subsequent changes to the loading facility were not remedial measures is improper. The question of remedial measure admissibility is not a matter for the jury's consideration. The trial judge will make the determination if the Defendant's modifications to the loading facility and procedures qualify as subsequent remedial measures under F.R.E. 407 and will further determine if evidence of those modifications will be admitted during trial. Mr. Ziegler's testimony fails the first test of F.R.E. 702 in that it will not aid the trier of fact. Further, in that Mr. Ziegler is making a finding that is solely within the providence of the trial judge, it is an effort by Mr. Ziegler to define the law of the case. The Plaintiff concedes that such testimony by Mr. Ziegler would be improper and asserts that she will not offer such testimony at trial.

**Defendant's Role in Removal of Third Rail:**

The Defendant seeks to exclude Mr. Ziegler's testimony regarding the Defendant's role in the removal of the third rail from the safety cage. From the information presented to the Court, it appears that the exact circumstances of the removal of the third rail are unknown and therefore disputed. There does not appear to be any disagreement that the third rail was removed, but only as to Defendant's specific role. Mr. Ziegler's view is that Defendant either removed or contracted to have the rail removed. Mr. Ziegler's designation references

5

discovery from Defendant that the third rail was removed to facilitate loading of railroad cars. [Doc 18-1 ¶ 2.16] [Doc 37-3 p.5-6] Mr. Ziegler also states that the missing rail was known to Defendant for a number of years. [Doc 18-1 ¶ 2.14] It appears that the loading facility is the sole property of Defendant and was under their operational control at all times and that they assert that they inspected the facility on a regular basis. In this motion the Defendant does not assert that it was unaware of the missing rail nor does it provide any information as to how the rail may have been removed by a third party without Defendant's consent.

Defendant contends that Mr. Ziegler's expert opinion is based upon unsupported speculation and therefore faulty. Every expert must base his opinions upon the facts of the case and those facts are often disputed. If an expert uses assumptions which have no basis in the facts of the case, the testimony could be rendered inadmissible under Rule 702. "While expert opinions 'must be based on facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation, ... absolute certainty is not required.'" *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir.1995) and *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003). Mr. Ziegler's opinions regarding modification of the Chevron facility is not unsupported speculation, but rather based upon reasonable grounds which will ultimately be decided by the trier of fact.

Rule 702 requires that expert opinions be based upon "sufficient facts or data"; it does not require that such facts or data be devoid of dispute. Mr. Ziegler's inference regarding the

removal of the third rail is based upon the known facts and does not appear so unreasonable

or unsupported that it undermines the admissibility of his expert opinions.

> Even after *Daubert*, rejection of expert testimony has been the exception rather
> than the rule. Fed.R.Evid. 702 advisory committee's notes; *Aerotech Res., Inc.
> v. Dodson Aviation, Inc.*, No. 00–2099, 2001 WL 474296, at *2 (D.Kan. Apr.
> 4, 2001). See also *Robinson v. Missouri Pac. R.R.*, 16 F.3d 1083, 1090 (10th
> Cir.1994) ("Doubts about whether an expert's testimony will be useful should
> generally be resolved in favor of admissibility unless there are strong factors
> such as time or surprise favoring exclusions. The jury is intelligent enough ...
> to ignore what is unhelpful in its deliberations."). The gate-keeping function of
> the court does not replace the traditional adversary system and the role of the
> jury. *Daubert*, 509 U.S. at 596, 113 S.Ct. 2786. The weight and credibility of
> expert testimony are for the trier of fact to determine. *Jacklovich v. Simmons*,
> 392 F.3d 420, 429 (10th Cir.2004); *United States v. Varoz*, 740 F.2d 772, 775
> (10th Cir.1984). "Vigorous cross-examination, presentation of contrary
> evidence, and careful instruction on the burden of proof are the traditional and
> appropriate means of attacking shaky but admissible evidence." *Daubert*, 509
> U.S. at 596

*Utility Trailer Sales of Kansas City, Inc. v. MAC Trailer Mfg. Inc.*, 267 F.R.D. 368 (Dist.
Kan. 2010).

A dispute as to the facts or proper inferences does not render the expert testimony

inadmissible. If that was the case, expert testimony would be the exception rather than the

rule. The reasonableness of the assumptions of Mr. Ziegler as to modifications of the

Defendant's facilities do not impact its admissibility, but rather the weight such opinions will

be afforded by the trier of fact.

**Lack of Documentation:**

Defendant seeks to exclude Mr. Ziegler's testimony that Defendant "withheld, hid or

destroyed relevant documents." Neither Mr. Ziegler's designation nor his testimony contain

any statement that Defendant withheld or destroyed relevant documents, but Defendant

believes his testimony could infer such action on the part of Defendant. While the Court did

not see such inference in the testimony, it is understandable that Defendant would be concerned. When there is evidence of a party's bad-faith or intentional destruction of evidence, the court may give an instruction on spoliation. *Henning v. Union Pacific R. Co.*, 530 F.3d 1206, 1220 (10th Cir. 2008). Mere negligence does not support spoliation. *Aramburu v. Boeing, Co.,* 112 F.3d 1398, 1407 (10th Cir. 1997).

The Court has not been provided with any information which would support a finding of spoliation and Plaintiff denies that it is seeking any adverse inference arising from spoliation[2]. In that Mr. Ziegler has not stated that Defendant withheld or destroyed any relevant documents, a motion to strike such testimony is premature.

The Defendant also asserts that Mr. Ziegler should not be allowed to infer that the absence of inspection and audit records of the Glencoe Junction Terminal means that such inspections and audits did not occur. Mr. Ziegler's expert designation is critical of Defendant's lack of records and that the lack of such records implies that Defendant did not conduct such inspections. It is well recognized that the absence of regularly maintained records is evidence that the action did not take place. Nevertheless, such an inference will depend on evidence that such inspections or audits were regularly recorded within the Defendant's records. This is a matter for the trial court to address in light of the evidence offered at trial.

---

[2] Plaintiff does reserve the right to raise spoliation if evidence of such is discovered at a later date.

## CONCLUSION

Defendant's motion to strike Mr. Ziegler's testimony that Defendant's post-event modifications of the loading facility were not a "subsequent remedial measure" within the meaning of Wyoming Rule of Evidence 407 is GRANTED.

Defendant's motion to strike in all other aspects is DENIED.

Dated this 4th day of January, 2017.

Mark L. Carman
U.S. Magistrate Judge